UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   24-80100-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KEMUL EXELY MILLS,

    Defendant.

_____:

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AT DE 41

Defendant, Kemul Exely Mills, through undersigned counsel, objects to the presentence investigation report at DE 34 and states the following objections. In compliance with Local Rule 88.9(a), undersigned counsel conferred with the government and noted their position for each objection below each numbered objection.

1. **At ¶ 5,** Mr. Mills denies that he "stole the identity of A.L.B.… because he was under investigation for fraudulent activity by Jamaican authorities" and requests the portion related to his alleged motive be removed from this paragraph. Mr. Mills came to the United States because of the situation and harassment described in paragraph 38 of the PSI.

    Government's Position: The United States does not possess any evidence confirming or contradicting either motive for the defendant coming to the United States. An individual reporting the defendant's use of a stolen identity

suggested that he was also involved in other fraudulent activity. However, the United States was unable to acquire any police reports documenting the other fraudulent activity.

2. **At ¶ 11,** Mr. Mills objects to these facts being contained in the offense conduct and requests their removal:

> She further advised that the defendant was arrested for domestic violence on October 20, 2019, when he attempted to strangle her. She did not follow up with the case and eventually the domestic violence charges were dropped (see Docket No. 2019MM011764A).

These facts do not pertain to elements of either of the charged crimes in this case, and as such, are not relevant to the offense conduct in this case. Furthermore, Mr. Mills denies committing any criminal conduct in the dropped case: 2019MM011764A.

Government Position: The United States objects to removing reference to the domestic violence arrest from the PSI. However, the United States agrees that the arrest should be given minimal or no consideration because it is not a conviction and is not relevant to the offense conduct in this case.

3. **At ¶ 48 and 49,** Mr. Mills corrects that his education and specialized training is in pathology, as noted by his sister.

Government Position: The United States has no objection to adding this fact to the PSI.

4. **At ¶ 24,** Mr. Mills denies engaging in any criminal conduct. In fact, Mr. Mills

asserts that it was his ex-wife who attacked him and she retrieved a firearm. Prior to his ex-wife attacking him, Mr. Mills received a text on his phone from another woman, and this is why his ex-wife attacked him. Lastly, Mr. Mills asserts that his ex-wife asked for the charges to be dropped, and that's why he was offered the first offender diversion program.

Government Position: The United States has no evidence to confirm or contract this assertion. The United States objects to these facts being included in the PSI. The parties agree that the Court should not give weight to consideration of the domestic violence arrest.

5. **At ¶ 63,** Mr. Mills would add that while he is the legal owner of the three listed vehicles, a joint-owner of the boat, and the sole owner of the business equipment; all of these items remained in New Orleans when he was arrested and are not accessible to him. Once he made his initial appearance in the Southern District of Florida, Mr. Mills asked a friend to recover the items so that he could liquidate the items to retain a private attorney. At that time, the boat and the truck were missing. The two Mercedes cars were still at the residence, but he does not know if they are there now.

Additionally, Mr. Mills does not know if his business equipment was taken or moved by his business partner or other associated construction workers. Mr. Mills does not have access to any of these items and would ask the court not to consider them when imposing a fine.

As to the bank accounts in Jamaica, Mr. Mills would add that he has not

accessed these accounts in many years and that his family in Jamaica has access and may have used some of the funds for living expenses. Mr. Mills is unsure how much money remains in these accounts.

<u>Government Position:</u> The United States has no information confirming or contracting these facts. The United States is not seeking a fine at sentencing.

WHEREFORE, Defendant requests this Court to grant the above-styled objections to the presentence investigation report.

Respectfully submitted,

HECTOR A. DOPICO
Federal Public Defender

<u>s/ Kristy Militello</u>
Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
250 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Kristy_Militello@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2026, electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Kristy Militello*
Kristy Militello
